IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONNIE GREEN,<br><br>             Plaintiff,<br><br>vs.<br><br>CAPITAL ONE,<br><br>             Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:11-CV-311-TC |

Pro se Plaintiff Donnie Green alleges that Capital One reported inaccurate information to a credit reporting agency and failed to note that the information was disputed by Mr. Green, thereby causing harm to Mr. Green. This matter came before the court on Defendant Capital One's Motion to Dismiss Mr. Green's claims under the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and state tort law. For the reasons set forth below, Capital One's Motion is GRANTED IN PART and DENIED IN PART.

**Standard of Review**

Because Mr. Green is proceeding pro se, the court must liberally construe his pleadings.[1]

---

[1] The court takes all of the allegations from Mr. Green's complaint. Capitol One, in its Reply Memorandum, raises additional factual and legal issues that it did not present in its opening memorandum. (See Def.'s Reply Br. (Docket No. 12) (reporting recently discovered information concerning the validity of the debt and raising collateral estoppel argument).) The court does not consider those materials here because the court declines to convert the motion to dismiss into a motion for summary judgment, and, more importantly, Mr. Green did not have an opportunity to respond to the allegations in Capitol One's rebuttal brief.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). See also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based") (emphasis added). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Stating a claim under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

**Fair Credit Reporting Act (FCRA)**

Under FCRA, Capital One is a furnisher of information to consumer reporting agencies and so has certain obligations under Section 623, 15 U.S.C. § 1681s-2. Because it is not clear whether Mr. Green is bringing a claim under FCRA § 623(a) or § 623(b) (he cites to both in his

complaint), the court will evaluate his pleading under both provisions.

Section 623(a)

To the extent Mr. Green is pursuing his claim under subsection (a), his claim fails as a matter of law because there is no private right of action under that provision. 15 U.S.C. §§ 1681s-2(c), (d); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011); Whisenant v. First Nat'l Bank & Trust Co., 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003) ("Congress did not create a private of action for violations of [FCRA § 623(a)], providing at 15 U.S.C. 1681s-2(d) that such violations "shall be enforced exclusively . . . by the Federal agencies and officials and State officials identified in that section.").

Section 623(b)

Subsection (b) of FCRA § 632 does, however, provide a private right of action against a furnisher of information. That statutory provision requires an entity such as Capital One to investigate the disputed information, review all relevant information provided by the consumer reporting agency (CRA), report the results of the investigation to the CRA, and if the investigation shows that the information is incomplete or inaccurate, report the results to the national CRAs. 15 U.S.C. § 1681s-2(b); Chiang v. Verizon New England Inc., 595 F.3d 26, 34-35 (1st Cir. 2010). Such obligation is triggered when the entity receives notice of a dispute. § 1681s-2(b).

Mr. Green, in his liberally construed complaint, alleges that Capital One was aware of the reported dispute but failed (either "willfully and/or negligently") to investigate it, failed to update and correct the "charge off," and continued to report "the invalid debt" on Mr. Green's credit report. (See Compl. at 3.) This is sufficient under the liberal pleading standards set forth in Rule

3

8, Twombly and Iqbal. Accordingly, the court denies Capital One's motion to dismiss Mr. Green's § 623(b) claim.

## Fair Debt Collection Practices Act (FDCPA)

Although Mr. Green does not cite to the Fair Debt Collection Practices Act (FDCPA) in his complaint, the allegations in his complaint may, nevertheless, be construed to allege such a claim. That is, he alleges harassment by Capital One in its "harassing collection tactics." (Compl. at p. 3.) To the extent Mr. Green seeks to obtain a remedy under the FDCPA, his claim fails as a matter of law because Capital One is not subject to the FDCPA.

FDCPA applies to "debt collectors," defined in the statute as "any person who uses any instrumentality of interstate commerce or the mails in any <u>business the principal purpose of which is the collection of any debts</u> . . . . The term does <u>not</u> include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt <u>which was originated by such person</u> . . . ." 15 U.S.C. § 1692a(6)(F) (emphasis added); <u>see also</u> <u>Chiang v. Verizon New England Inc.</u>, 595 F.3d 26, 41 (1st Cir. 2010) ("Creditors collecting on their own accounts are generally excluded from the statute's reach.").

According to Mr. Green's allegations, Capital One was enforcing its own debt. Accordingly, Mr. Green's FDCPA claim fails as a matter of law and so is dismissed with prejudice.

## State Tort Law Claims and Federal Preemption

FCRA preempts a broad area of state law. In particular, the statute preempts state law for actions governed by FCRA § 623:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title [FCRA § 623], relating to the responsibilities of <u>persons who furnish information to consumer reporting agencies</u> . . . .

15 U.S.C. § 1681t(b)(1)(F) (2011) (emphasis added). But one relevant exception exists:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . <u>except as to false information furnished with malice or willful intent to injure such customer</u>.

15 U.S.C. § 1681h(e) (emphasis added).

Mr. Green asserts causes of action under state common law for negligence, negligent and intentional infliction of emotional distress, invasion of privacy, defamation, and negligent and intentional misrepresentation. Mr. Green's tort causes of action, **as currently pleaded**, fail as a matter of law because FCRA preempts such claims. Accordingly, those claims are dismissed with prejudice.

To the extent, however, that Mr. Green can allege in good faith under Rule 11 of the Federal Rules of Civil Procedure that the information furnished by Capital One was false and that Capital One provided the information with malice or willful intent to injure Mr. Green, he is hereby given the opportunity to file a motion seeking leave to file an amended complaint (which motion must be accompanied by a proposed amended complaint containing the appropriate allegations).

**ORDER**

For the foregoing reasons, Defendant Capital One Bank's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 7) is GRANTED IN PART AND DENIED

5

IN PART as follows:

1. Mr. Green's claim under FCRA § 632(a) is dismissed **with** prejudice.

2. Mr. Green's claim under FCRA § 632(b) is sufficiently pleaded at this stage of the litigation and so it is **not** dismissed.

3. Mr. Green's harassment claim, which is essentially a Fair Debt Collection Practices Act (FDCPA) claim, is dismissed **with** prejudice.

4. Mr. Green's claims for negligence, negligent misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, intentional misrepresentation, defamation, and invasion of privacy are dismissed **with** prejudice. However, if appropriate under Rule 11 of the Federal Rules of Civil Procedure (which allows for sanctions if the rule is violated), Mr. Green may file, **no later than Friday, August 19, 2011,** a motion to amend his complaint to allege state law claims that comply with 15 U.S.C. § 1681h(e), which provides that such claims are not preempted to the extent they arise out of the provision by Capital One of <u>false</u> information to the credit reporting agency <u>with malice or willful intent to injure</u> Mr. Green. The motion to amend must be accompanied by a proposed amended complaint.

SO ORDERED this 3rd day of August, 2011.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
District Court Judge